**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ACCUCREDIT ASSOCIATES, LLC,

     Plaintiff,

v.                                                                    No. 1:22-cv-00306-MIS-GBW

INTEGRATED CONTROL SYSTEMS, INC.
and STEVEN CHAVEZ,

     Defendants/Third-Party Plaintiffs,

v.

ARCH INSURANCE COMPANY,

     Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER REMANDING CASE

THIS MATTER is before the Court on the Motion to Remand to State Court, filed by Defendants/Third-Party Plaintiffs Integrated Control Systems, Inc. and Steven Chavez ("ICSI Parties"). ECF No. 17. Third-Party Defendant Arch Insurance Company ("Arch") filed its Response, and ICSI filed its Reply. ECF Nos. 18, 20. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion in part and remand the case to the Second Judicial District Court, County of Bernalillo, State of New Mexico. However, the Court will deny ICSI's request for attorney's fees and costs.

### BACKGROUND

On January 16, 2020, the original Plaintiff, AccuCredit Associates, LLC ("AccuCredit"), initiated an action against ICSI in the Second Judicial District Court, County of Bernalillo, State of New Mexico ("state court"), seeking repayment of nearly

$800,000 that AccuCredit allegedly advanced to ICSI for the purchase and assignment

of more than $1.6 million in receivables owed by ICSI to Diversified Global Systems, LLC.

ECF No. 1-2 at 8. The original parties to the state court lawsuit were Plaintiff AccuCredit

Associates, LLC and Defendants Integrated Control Systems, Inc. and Steven Chavez.

*Id.* AccuCredit filed an amended complaint in state court, against the same Defendants,

on April 27, 2020. ECF No. 1-2 at 52.

On August 26, 2021, more than a year after the lawsuit was filed, ICSI filed a third-

party complaint against Arch, in the same state court action, alleging that Arch failed to

provide insurance coverage to ICSI to pay for defense of the lawsuit brought by

AccuCredit. ECF No. 1-2 at 309. Arch states that at the time it filed its answer in the state

court action, Arch "did not remove the case to federal court because there was no federal

question jurisdiction and no diversity jurisdiction given that AccuCredit and [Arch] are both

citizens of [New Jersey]."[1] ECF No. 1 at 2.

On April 13, 2022, ICSI filed its First Amended Motion for Leave to File First

Amended Third-Party Complaint, in which ICSI announced that AccuCredit and ICSI had

fully resolved their claims via settlement. ECF No. 1 at 9. Therefore, as of that date, the

---

[1] The actual language used by Arch in the Notice of Removal is as follows: "At the time that Arch filed its answer in the State Court Action, Arch did not remove the case to federal court because there was no federal question jurisdiction and no diversity jurisdiction given that AccuCredit and *ICSI* are both citizens of *New Mexico*." ECF No. 1 at 2 (emphasis added). However, AccuCredit is a New Jersey limited liability company, and ICSI is a New Mexico corporation. ECF No. 1-2 at 53. Based on context, as well as Arch's admission regarding the same, *see* ECF No. 18 at 6 n.4, the Court determines that the Notice of Removal likely intended to state that "AccuCredit and Arch are both citizens of New Jersey." This issue is immaterial to the present Motion.

The Court also notes that, for purposes of diversity of citizenship, the state of organization of a limited liability company is irrelevant, and therefore, Arch's statement on AccuCredit's citizenship is also irrelevant as stated. Instead, "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also id.* at 1239 ("[T]he relevant time period for determining the existence of complete diversity is at the time of the filing of the complaint."). This issue is immaterial to the present Motion.

only remaining dispute in the state court action was between ICSI (as Third-Party Plaintiffs, both New Mexico citizens) and Arch (as Third-Party Defendant, a New Jersey/Missouri citizen).[2] Arch claims that it then promptly removed the case to this Court under the removal statute, 28 U.S.C. § 1441, by filing its Notice of Removal on April 25, 2022, which was within 30 days after receiving notice of the settlement. ECF No. 1 at 3–8; ECF No. 18 at 6. ICSI disputes the propriety of Arch's removal, claiming (1) that pursuant to *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019), a third-party defendant, like Arch, cannot remove a case to federal court; and (2) that this Court does not have subject matter jurisdiction because the instant case is time-barred by the one-year limit on removal set forth in 28 U.S.C. § 1446(c). ECF No. 17 at 2. ICSI also seeks attorney's fees and costs under 28 U.S.C. § 1447, claiming that Arch lacked an objectively reasonable basis for seeking removal. ECF No. 17 at 11 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)).

## DISCUSSION

I. **The Court must remand the case because a third-party defendant, such as Arch, cannot remove a case to federal court under 28 U.S.C. § 1441(a).**

Although Arch presents several arguments that this Court should not remand the case, including citations to several pre-2019 district court cases finding that dismissal of the original plaintiff's claims makes third-party claims potentially removable (*see* ECF No. 18 at 7–11), the Court finds that the United States Supreme Court's 2019 guidance in *Home Depot* is clear: "[A] third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." 139 S. Ct. at 1750. Because Arch fits squarely into the Supreme

---

[2] *See supra* note 1.

Court's definition of a "third-party counterclaim defendant," the Court cannot find that diversity jurisdiction exists based on Arch's Notice of Removal, ECF No. 1.

In *Home Depot*, the original plaintiff and credit card issuer, Citibank, N.A. ("Citibank"), sued the original defendant credit card holder, George Jackson ("Jackson"), for unpaid debts incurred on purchases made using his Home Depot credit card. 139 S. Ct. at 1747. In his answer to Citibank's complaint, Jackson filed a counterclaim against Citibank and a class action third-party complaint against Home Depot, U.S.A., Inc. ("Home Depot") and Carolina Water Systems, Inc. ("Carolina"), claiming that he and other consumers were unlawfully induced by Home Depot and Carolina into buying expensive water treatment systems at inflated prices, in violation of North Carolina consumer protection laws. *Id.* Approximately three months after the lawsuit was filed, Citibank dismissed its claims against Jackson for reasons that are unclear in the opinion. *Id.* (stating only that "Citibank dismissed its claims"). One month later, Home Depot filed a notice of removal based on diversity of citizenship, on the alleged basis that 28 U.S.C. § 1441(a) permits a third-party counterclaim defendant to remove a claim filed against it. *Id.* at 1747–48. After examining the meaning of § 1441(a), the Supreme Court concluded "that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim" (in that case, third-party defendant Home Depot). *Id.* at 1748.

Arch attempts to distinguish *Home Depot* by claiming that "*Home Depot* did not address a situation, such as here, where a settlement fully resolved all claims between the original plaintiff and original defendant prior to removal." ECF No. 18 at 2. However, the Court is not persuaded by this argument. In reality, *Home Depot* does not state why

the original plaintiff, Citibank, dismissed its original claims against the original defendant, Jackson, nor is that distinction important to the case holding. *See* 139 S. Ct. at 1747–50. Instead, the *Home Depot* case sets forth the broader proposition that "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)," *id*. at 1750, regardless of the reason that the original claim was dismissed or the reason that the third-party claim was brought. Instead, the holding emphasized the district court's duty to evaluate "whether that *action* could have been brought originally in federal court," including "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* at 1748 (emphasis added) (noting that "[§ 1441] refers to 'civil actions,' not claims") (cleaned up). In the present case, similarly to *Home Depot*, the Court is persuaded that Arch, as a third-party defendant, "is not a 'defendant' who can remove the present cause of action under § 1441(a)." *See id.* at 1750.[3]

Because this opinion fully disposes of the civil action, for purposes of federal diversity jurisdiction, the Court need not (and therefore will not) address the parties' other arguments, including whether questions of coverage must be made in the underlying

---

[3] Arch cites to two pre-*Home Depot* cases from the district courts, including one from the District of New Mexico, to argue that the case is removable. *See* ECF No. 18 at 7 (citing *Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1090, 1093 (D.N.M. 2011) (holding that a third-party claim filed by the plaintiff, as assignee of defendant, against defendant's insurance company, was within the court's diversity jurisdiction) (further noting, however, that as of 2011 there was a "split of authority as to the propriety of allowing third-party defendants to remove," *id.* at 1091); *Evans v. Metro. Prop. & Cas. Ins. Co.*, No. 13-1111-HE, 2013 WL 6835287, at *2 (W.D. Okla. Dec. 26, 2013) (addressing the question of whether notice of plaintiff's settlement with one defendant is sufficient to trigger the 30-day removal deadline for the remaining defendant)). Arch also cites to *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); however, like *Evans, supra*, the *Caterpillar, Inc.* case involved dismissal of a non-diverse original defendant, not a claim brought against a third-party defendant, *see id.* at 65, and therefore it is inapplicable here.

lawsuit (ECF No. 18 at 4) or whether the one-year limitation on removal contained in 28

U.S.C. § 1446(c) applies (ECF No. 18 at 11).

**II.      The Court will deny ICSI's request for attorney's fees and costs.**

ICSI requests attorney's fees and costs incurred in seeking remand pursuant to 28

U.S.C. § 1447, arguing that Arch's improper removal was not objectively reasonable

under existing law. ECF No. 17 at 11. ICSI provides little, if any, support for its argument

other than that "removal was improper." *Id.* Arch, on the other hand, argues that it had an

objectively reasonable basis for removing the case, in light of unsettled case law in the

District of New Mexico, and its view that *Home Depot* is distinguishable. ECF No. 18 at

7–11. Although the Court disagrees that district court opinions such as *Rivera* are binding

case law, and although the Court has found *Home Depot* clearly applicable here, the

Court cannot conclude that Defendants lacked an objectively reasonable basis for

removal or that an award of attorney's fees is otherwise proper, for the reasons that follow.

Applying the standard set forth in *Martin*, the Court will deny ICSI's request for

attorney's fees, given that Arch's position was supported by at least some case law in the

District of New Mexico, and given the recentness of the *Home Depot* decision. *See Martin*,

546 U.S. at 141 (the standard for awarding fees under § 1447 should turn on the

reasonableness of removal, and district courts retain wide discretion to consider whether

unusual circumstances warrant a departure from the rule in a given case). Also, the Court

finds that the remedial purpose of § 1447 may not be served by awarding attorney's fees

to ICSI at this stage of the case, given that Arch makes several colorable arguments that

it is not liable to ICSI at all because of insurance policy terms, conditions, and exclusions

that, in its view, make the third-party claims against it improper. *See, e.g.*, ECF No. 18 at

5–6 (presenting facts showing that the lawsuit by ICSI for insurance coverage may be frivolous because ICSI was sued prior to inception of the policy and because ICSI did not report the loss until after the policy expired, which ran contrary to the policy's "claims-made and reported" provisions). The Court cannot (and therefore will not) decide the merits of Arch's arguments here. However, the Court does believe that any award of attorney's fees would best be handled by the state court at the conclusion of the case, in light of the circumstances. Therefore, the Court will decline to award attorney's fees or costs at this time.[4]

## CONCLUSION

For the foregoing reasons, Defendants/Third-Party Plaintiffs' Motion to Remand, filed on May 20, 2022, ECF No. 17, is hereby **GRANTED IN PART AND DENIED IN PART**.

Specifically, this action is hereby **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

The prevailing parties' request for attorney's fees and costs is **DENIED**.

The Clerk of the Court is hereby **DIRECTED** to take the steps necessary for remand.

**IT IS SO ORDERED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[4] To the extent a decision on this issue is necessary, and only to such extent, the Court clarifies that this order does not prejudice any party from requesting attorney's fees and costs, if otherwise warranted, at the conclusion of the litigation.